UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

Tunde Julius Iyamu, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.

Clarfield, Okon, Salomone & Pincus, P.L.,
f/k/a/ Clarfield, Okon, Salomone & Pincus, P.A.,
and Kenneth L. Salomone, individually,

       Defendants.

_____/

### CLASS ACTION COMPLAINT AND JURY DEMAND

1. On behalf of the putative class, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et. seq.* ("FDCPA"). Simply put, Defendants sent a demand letter with attached notice to Plaintiff which failed to comply with the mandated requirements of *§1692g* of the aforesaid federal statute.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §§1331, 1337*, and *15 U.S.C. §1692k*. Venue in this District is proper because Defendants reside here and do business in this District.

## PARTIES

3. Plaintiff, Tunde Julius Iyamu ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, Clarfield, Okon, Salomone & Pincus, P.L. ("Clarfield P.L."), is a Florida Professional Association and law firm engaged in the business of collecting consumer debts, which operates from offices located at 1701 W. Hillsboro Boulevard, Suite 202, Deerfield Beach, Florida 33442.

5. At all times material hereto, Defendant Kenneth L. Salomone ("Salomone") is an attorney and member of the Florida Bar doing business from offices located at 1701 W. Hillsboro Boulevard, Suite 202, Deerfield Beach, Florida 33442.

6. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendants regularly collect or attempt to collect debts for themselves and other parties.  They are "debt collectors" as defined in the FDCPA.

8. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. All acts or omissions of Salomone were within the scope of his employment by Clarfield, P.L. or were otherwise authorized by Clarfield, P.L.

10. Clarfield, P.L. is vicariously liable for the actions of Salomone. *Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507 (9th Cir. 1994).

## FACTUAL ALLEGATIONS

11. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to repair Plaintiff's automobile.

12. On January 16, 2012, Defendants send Plaintiff a demand letter with attached notice, seeking to collect an alleged debt from Plaintiff.

13. The Defendants' demand letter stated that Plaintiff was delinquent in his loan payments to One Main Financial, Inc.

14. The Defendants' demand letter was unsigned but referred all written requests be addressed to Salomone.

15. The Defendants' demand letter states in part:

> The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this Notice. If the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the creditor.

16. A true and correct copy of the demand letter and attached notice is attached hereto as "Exhibit A."

17. The letter was Defendants' first communication with Plaintiff with respect to the debt alleged therein.

18. Under *15 U.S.C. §1692g(a)(3)* the Defendant must provide the Plaintiff with:

    *[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector** . . .*

    (emphasis added).

19. Defendants' demand letter incorrectly states the presumption of validity as pronounced by the FDCPA.

20. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.,* 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters with attached notice with the same form as "Exhibit A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of

certification.

22. Plaintiff alleges on information and belief based upon the Defendants' use of letters and notice in the form of "Exhibit A" that the class is so numerous that joinder of all members of the class is impractical.

23. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter and notice in the form of "Exhibit A." The principal legal issues are whether Defendants' letters and notice in the form of "Exhibit A" violate the FDCPA by failing to properly inform the consumer with respect to the presumption of validity regarding debt validation in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of

    *15 U.S.C. §1692g*.

24. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests which might cause them to not vigorously pursue this action.

26. Certification of the class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Certification of the class under *Rule 23(b)(2)* of the *Federal Rules of Civil Procedure* is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Mr. Iyamu requests certification of a class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages.

## COUNT I

## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HIS RIGHT TO DISPUTE THE DEBT

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Defendants' demand letter with attached notice misstates the applicable legal standard with regard to the presumption of validity as pronounced by *Section 1692g(a)(3)* of the FDCPA. Defendants' demand letter with attached notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates *15 U.S.C. §1692g(a)* as well as *15 U.S.C.*

*§1692e(10)*.  See generally, *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-cv-2044, 2008 WL 2050809 (M.D. Pa. May 13, 2008).

30. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

31. Plaintiff and the class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendants Clarfield, Okon, Salomone & Pincus, P.A., and Kenneth L. Salomone, an individual, for:

    a.    Statutory damages pursuant to *15 U.S.C. §1692k*;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 2nd day of December, 2012.

                                        Respectfully submitted,

                                        */s/ Scott D. Owens*
                                        SCOTT D. OWENS, ESQ.
                                        *Attorney for Plaintiff*
                                        Florida Bar No. 0597651
                                        664 E. Hallandale Beach Boulevard
                                        Hallandale, Florida 33009
                                        Telephone: 954-589-0588
                                        Facsimile: 954-337-0666

scott@scottowens.com

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772-234-5150
Facsimile: 772-234-5231
lwd@verobeachlegal.com